■ The People of the State of New York, Respondent, v. Kenneth Van Nostrand, Appellant.— Appeal from an order of a Special Term, Supreme Court, Ulster County, denying a writ of error *coram nobis*. This *coram nobis* proceeding is addressed to a conviction for rape in the first degree entered in the Supreme Court, Ulster County, on defendant's plea of guilty in 1943. The record of the conviction and the proceedings taken thereupon are quite regular on their face; the clerk's minutes, for example, show that defendant was

informed by the court of his right to counsel and stated that "assignment of counsel was not desired". Defendant now swears under oath that he was beaten by the police to induce a confession and that they threatened that if he failed to state to the court that he did not want counsel assigned he would be prosecuted for a murder charge in another county; that a police sergeant stood beside him in court at the time of arraignment, pinched his arm and reminded him of what would happen if he did not waive assignment of counsel. This presents in classic form the situation for which the writ of *coram nobis* is the appropriate procedure. All the records are complete and regular on their face; but if the facts to which defendant swears are true, a deprivation of constitutional protection would have existed and would require the conviction be set aside. If the facts he swears to are not true, of course, defendant runs the usual risk of prosecution for perjury. We are of opinion a triable issue is presented. The district attorney relies entirely on official records which, although regular on their face, could not in the nature of things contradict the extra-judicial threats which defendant pleads. The affidavits of police officers who arrested and questioned defendant or that of the police sergeant claimed to have stood beside defendant at the arraignment are neither produced nor shown to be unavailable. We do not see how a hearing on the question raised can be avoided on the basis of the papers in opposition. We do not, of course, suggest that the contention of the defendant is credible or should be believed. We hold, merely, that there should be a hearing. Order reversed and the issue remitted for trial. Counsel should be assigned by the Judge hearing the issue. Bergan, J. P., Coon, Halpern and Gibson, JJ., concur.